UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ANN MCBRATNIE,

     Plaintiff,                                          Case No. 24-cv-12914
                                             Hon. Matthew F. Leitman

v.

AMAZON.COM, INC.,

     Defendant.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION AND ORDER (ECF Nos. 41), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 37), (3) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF No. 25), AND (4) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 19)

Plaintiff Carol Ann McBratnie is a former Amazon Flex Delivery Partner with Defendant Amazon.com, Inc. ("Amazon"). In that role, McBratnie delivered packages for Amazon pursuant to a written agreement between the parties. In 2024, Amazon informed McBratnie that she was no longer eligible to participate in the Amazon Flex program. McBratnie says that her termination from the Flex program was wrongful. In this action, she brings several claims against Amazon arising out of her termination. (*See* Am. Compl., ECF No. 9.)

Now before the Court are two motions: (1) Amazon's motion to compel arbitration pursuant to an arbitration agreement in the parties' contract (*see* Mot.,

ECF No. 25) and (2) McBratnie's motion for a preliminary injunction (*see* Mot., ECF No. 19).  On May 20, 2025, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant Amazon's motion and deny McBratnie's motion (the "R&R"). (*See* R&R, ECF No. 37.)  That same day, the Magistrate Judge also issued a separate order denying several other non-dispositive motions that McBratnie had filed. (*See* Order, ECF No. 38.)  McBratnie has now filed objections to both the R&R and the Magistrate Judge's separate May 20 order. (*See* Obj., ECF No. 41.)

The Court has carefully reviewed McBratnie's objections, and for the reasons explained below, the Court **OVERRULES** them.  The Court will therefore **ADOPT** the recommended disposition of the R&R, **DENY** McBratnie's motion for a preliminary injunction, and **GRANT** Amazon's motion to compel arbitration.

# I

## A

The Magistrate Judge described the factual background of this dispute in detail in the R&R. (*See* R&R, ECF No. 37, PageID.1061-1065.)  In brief, in order to deliver all of the packages that its customers purchase on a daily basis, Amazon "allows individual independent contractors to 'enroll in the Amazon Flex program' as 'Delivery Partners' to make local customer deliveries on behalf of Amazon." (*Id.*, PageID.1061-1062, quoting Decl. of Nick Jones, Director of Amazon Flex

2

Americas, at ¶¶ 3, 6, ECF No. 25-1, PageID.656-657.)   In September 2018, McBratnie agreed to become such a Delivery Partner. (*See* Jones Decl. at ¶ 23, ECF No. 25-1, PageID.661.)  When she did so, she agreed to certain "terms of service" that governed her relationship with Amazon. (*See id.* at ¶ 22, PageID.661.)  Amazon updated these "terms of service" several times during McBratnie's tenure as a Delivery Partner. (*See id.*)   The operative "terms of service" were issued on December 29, 2022 (the "Contract"). (*See id.* at ¶ 35, PageID.664. *See also* Contract, ECF No. 25-7.)

The Contract provided, among other things, that McBratnie would deliver packages for Amazon using her own vehicle and, in exchange, Amazon would "pay [her] fees in the amounts indicated in the Amazon Flex app." (Contract, ECF No. 25-7, PageID.728.)  The parties also agreed in the Contract to arbitrate claims against one another.[1]  For example, on the first page of the Contract, the Contract provided, in bold and all capital letters, that "**YOU AND AMAZON AGREE TO RESOLVE DISPUTES BETWEEN YOU AND AMAZON ON AN INDIVIDUAL BASIS THROUGH FINAL AND BINDING ARBITRATION. YOU AND AMAZON WAIVE THE RIGHT TO PURSUE THE RESOLUTION OF ANY SUCH DISPUTE IN A COURT AND WAIVE THE RIGHT TO A TRIAL BY JURY.**"

---

[1] When McBratnie first joined the Amazon Flex program, she had the right to "opt-out" of the obligation to arbitrate her claims with Amazon, but she chose not to exercise that right. (*See* Jones Decl. at ¶¶ 23, 27, ECF No. 25-1, PageID.661, 663.)

(*Id.*, PageID.727.)   The Contract also included a detailed arbitration provision.   In

relevant part, that arbitration agreement provided that:

> THE PARTIES WILL RESOLVE BY FINAL AND
> BINDING ARBITRATION, RATHER THAN IN
> COURT OR TRIAL BY JURY, ANY DISPUTE OR
> CLAIM, WHETHER BASED ON CONTRACT,
> COMMON LAW, OR STATUTE, ARISING OUT OF
> OR RELATING IN ANY WAY TO THIS
> AGREEMENT, INCLUDING TERMINATION OF
> THIS AGREEMENT, TO YOUR PARTICIPATION IN
> THE PROGRAM, OR TO YOUR PERFORMANCE OF
> SERVICES. TO THE EXTENT PERMITTED BY LAW,
> THE PRECEDING SENTENCE APPLIES TO ANY
> DISPUTE OR CLAIM THAT OTHERWISE COULD BE
> ASSERTED BEFORE A GOVERNMENT
> ADMINISTRATIVE AGENCY.
>
> [ . . . ]
>
> Notwithstanding any provision in the AAA rules, the
> parties agree that a court of law must resolve any dispute
> concerning the validity and enforceability of the
> Agreement as a whole, the applicability of any exemption
> to the Federal Arbitration Act, and the validity,
> enforceability or interpretation of the provisions in
> subsections b) through i) of this Section 11. The arbitrator
> must resolve all other disputes, including the arbitrability
> of claims pursuant to such other provisions.
>
> [ . . . ]
>
> The interpretation and enforcement of this Agreement is
> governed by the law of the state of Delaware without
> regard to its conflict of laws principles, except for Section
> 11 of this Agreement, which is governed by the Federal
> Arbitration Act and applicable federal law. If, for any
> reason, the Federal Arbitration Act is held by a court of
> competent jurisdiction not to apply to Section 11 of this

> Agreement, the law of the state of Delaware and the
> Delaware Uniform Arbitration Act, 10 Del. C. § 5701 et
> seq. will govern Section 11 of this Agreement, including
> without limitation the common law of contracts of such
> state in the event that any statute could be interpreted as
> limiting the right of Amazon or you to arbitrate disputes
> pursuant to Section 11 of this Agreement. Nothing in this
> choice of law provision shall preclude the application of
> Delaware law to compel arbitration if a court of competent
> jurisdiction is unable to determine the application of the
> Federal Arbitration Act without discovery.

(*Id.*, PageID.732-734.)

On October 26, 2024, Amazon "notified [McBratnie] that she was no longer eligible to deliver with Amazon Flex because she repeatedly violated the [Contract] by not attempting to deliver all packages in her block, selecting inaccurate reason codes . . . about why packages were undeliverable, and frequently contacting driver support for delivery exemptions." (R&R, ECF No. 37, PageID.1065, citing Notice of Terms of Service Termination, ECF No. 9-2, PageID.92.)

## B

McBratnie filed this action against Amazon on November 1, 2024. (*See* Compl., ECF No. 1.) In McBratnie's Amended Complaint, she alleges that Amazon breached the Contract in several ways and that Amazon violated the Fair Labor Standards Act. (*See* Am. Compl. at ¶¶ 11, 81, 173, ECF No. 9, PageID.50, 62-63, 77.) She further claims that notwithstanding the arbitration provision in the Contract, Amazon may not compel her to arbitrate her claims because the claims are

exempt from arbitration under what is known as the "Section One Exemption" to the Federal Arbitration Act (the "FAA"). (*See id.*, at ¶ 16, PageID.50-51, citing 9 U.S.C. § 1, PageID.50-51.)  The Section One Exemption provides that the FAA "shall [not] apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

On February 12, 2025, Amazon filed a motion to compel arbitration. (*See* Mot., ECF No. 25.)  In that motion, Amazon acknowledged McBratnie's argument that her claims were covered by the Section One Exemption, but Amazon said that the Court did not need to reach that argument because the Contract allowed Amazon to compel McBratnie to arbitrate her claims under *either* the FAA *or* Delaware law. (*See id.*, PageID.630.)  And Amazon explained that unlike the FAA, Delaware law does not have a "carveout for . . . transportation workers." (*Id.*, PageID.631.) Thus, Amazon asserted, because the Court could compel arbitration under Delaware law "even if [McBratnie's arbitration agreement was] exempt from the FAA," "the Court ha[d] a straightforward path to compel arbitration without having to decide whether [McBratnie's] agreement [was] exempt from the FAA." (*Id.*, PageID.631, 643.)

McBratnie opposed Amazon's motion.  In her response, she argued that she could not be compelled to arbitrate because (1) her claims were covered by the Section One Exemption and (2) Delaware arbitration law did not apply. (Resp., ECF No. 26, PageID.753.)

McBratnie also offered an additional argument.  She contended that it was the duty of the Court to "determine" certain "pre-arbitration matters" before turning to the question of whether she could be compelled to arbitrate under the arbitration agreement in the Contract. (*Id.*, PageID.755.)  One of those matters was the "validity of the contract itself." (*Id.*)  And she said that in reviewing the "validity of the contract," the Court had to determine whether "the contract was illusory on [Amazon's] part from the start," whether her contract with Amazon was "unconscionab[le]," and whether Amazon's "material Breach(es) of Contract" meant that McBratnie was "no longer subject to anything in the contract" (including her obligation to arbitrate her claims). (*Id.*, PageID.757-758.)

McBratnie also filed several motions of her own including a motion for a preliminary injunction (*see* Mot., ECF No. 19), a motion for expedited briefing (*see* Mot., ECF No. 18), a motion for a more definite statement (*see* Mot., ECF No. 24), and a motion to stay Amazon's motion to compel arbitration (*see* Mot., ECF No. 31).

## C

On May 20, 2025, the assigned Magistrate Judge issued an order that denied McBratnie's motions for expedited briefing, for a more definite statement, and to stay Amazon's arbitration motion. (*See* Order, ECF No. 38.)

That same day, he issued the R&R. (*See* R&R, ECF No. 37.)  In the R&R, the Magistrate Judge recommended that the Court grant Amazon's motion to compel arbitration and deny McBratnie's motion for a preliminary injunction. (*See id*.)  The Magistrate Judge first turned to whether Amazon had a right to compel arbitration under the FAA.  He recognized that the answer to that question turned on whether the Contract was exempt from the FAA under the Section One Exemption. (*See id.*, PageID.1068.)  He explained that while "[t]he Sixth Circuit has yet to address whether Section One of the FAA exempts local delivery services that are contracted by Amazon or similar online retailers," "[s]ome courts in this district have . . . found that the Section One exemption [does] appl[y] to local delivery services contracted by Amazon." (*Id.*, PageID.1068-1069.)  Ultimately, the Magistrate Judge concluded that the Court "need not resolve the Section One exemption issue here in the first instance because, even if the exemption applied to McBratnie as an Amazon Delivery Partner and she could not be compelled to arbitrate *under the FAA*, she would still be subject to arbitration *under state law*." (*Id.*, PageID.1070; emphasis in original.)  He therefore recommended that the Court grant Amazon's motion and compel arbitration under Delaware law. (*See id.*, PageID.1070-1076.)

The Magistrate Judge also addressed McBratnie's argument that the Court, rather than the arbitrator, should decide the pre-arbitration matters – including the "validity of the contract" – identified by McBratnie.  He rejected that argument.  He

concluded that the arbitrator had to decide whether "the contract as a whole [was] 'unconscionable' or 'illusory'" (*Id.*, PageID.1075.)  As support for that conclusion, he cited the Supreme Court's decision in *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010).  In *Rent-A-Ctr.*, the Supreme Court "consider[ed] whether, under the [FAA], a district court may decide a claim that an arbitration agreement is unconscionable, where the agreement explicitly assign[ed] that decision to the arbitrator." *Id.* at 65.  The Supreme Court held that a district court may not decide the unconscionability question under those circumstances and that, instead, the question must be decided by the arbitrator.[2] *See id*. at 71–72.

Finally, because the Magistrate Judge concluded that Amazon was entitled to compel arbitration under state law, the Magistrate Judge recommended that the Court deny McBratnie's injunction motion. (*See id.*, PageID.1077 n.7.)

On June 10, 2025, McBratnie filed timely objections to the R&R and the Magistrate Judge's separate order denying her non-dispositive motions. (*See* Obj., ECF No. 41.)  The Court discusses the objections in detail below.

## II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P.

---

[2] The court in *Rent-A-Ctr.* did acknowledge that in the narrow circumstance where a party attacks a delegation provision itself, a court, and not an arbitrator, must resolve that challenge. *See Rent-A-Ctr.*, 561 U.S. at 71.

72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A district court need not conduct a *de novo* review of non-dispositive rulings issued by a Magistrate Judge.  Instead, objections to a Magistrate Judge's ruling on a non-dispositive motion are reviewed under Federal Rule of Civil Procedure 72(a). That rule provides that a district judge "must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Koetje v. Norton*, No. 13-12739, 2014 WL 2005021, at *1 (E.D. Mich. May 16, 2014) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)). "Rule 72(a) provides considerable deference to the determinations of the magistrate judges." *Id.* "This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently." *LaFountain v. Martin*, No. 07-cv-76, 2010 WL 1416864, at *1 (W.D. Mich. Apr. 2, 2010).

## III

The Court begins with McBratnie's objections to the R&R. The objections are somewhat difficult to follow, but the Court has done its best to review and respond to the objections separately below.

## A

McBratnie first argues that the Magistrate Judge erred when he failed to "resolve any dispute concerning the validity and enforceability of the [Contract] as a whole" before deciding whether Amazon had the right to compel arbitration. (Obj., ECF No. 41, PageID.1095, 1100.) The Court agrees in part.

McBratnie is correct that under the arbitration provision in the Contract, a court, rather than an arbitrator, must resolve threshold disputes concerning the validity of the Contract. Indeed, the Contract specifically assigns to "a court of law" the task of "resolv[ing] any dispute concerning the validity and enforceability of the Agreement as a whole." (Contract, ECF No. 25-7, PageID.733.) Stated another way, that task is expressly carved out from the delegation provision. Thus, the Contract is consistent with the general rule that "[a] court addressing a motion to compel arbitration . . . must first determine whether there exists an enforceable agreement to arbitrate." *Brayman v. KeyPoint Gov't Sols., Inc.*, 83 F.4th 823, 832 (10th Cir. 2023). For all of these reasons, the Court, not the arbitrator, must resolve McBratnie's challenges to the validity of the parties' Contract.

11

The decision cited in the R&R, *Rent-A-Ctr.*, is not to the contrary.  The terms of the arbitration provision in that case were materially different than the arbitration agreement in this case.  As noted above, the arbitration provision in *Rent-A-Ctr.* contained a delegation provision that broadly delegated all threshold matters – including challenges to the validity of the parties' agreement – to the arbitrator. *See Rent-A-Ctr.*, 561 U.S. at 68–70.  And it was the breadth of that delegation provision that led the Supreme Court to conclude that the arbitrator had to resolve the challenge to the validity of the contract as a whole. *See id.* at 71–72.  In sharp contrast to the broad delegation provision in *Rent-A-Ctr.*, the arbitration provision here expressly carved out from the delegation to the arbitrator all matters concerning the validity of the Contract.  Given that key difference, *Rent-A-Ctr.* does not control here.

But while the Court agrees with McBratnie that the Court, not the arbitrator, must address her challenges to the validity of the Contract, for the reasons explained below, the Court disagrees with McBratnie's contention that the Contract is invalid and/or unenforceable.

McBratnie first argues that her contract with Amazon is illusory.  She has failed to make that showing.  A contract is illusory when, among other things, it is not "supported by consideration" or lacks "mutuality of obligation." *Schell Bros., LLC v. Pickard*, No. 2022-0642, 2023 WL 2581711, at *4 (Del. Ch. Mar. 21, 2023).[3]

---

[3] The terms of the Contract include a choice-of-law provision that states that "[t]he

Here, the Contract was supported by consideration and mutual promises by both parties. At a minimum, the Contract obligated Amazon to pay her for her services as a Delivery Partner. (*See* Contract, ECF No. 25-7, PageID.728.)   As Amazon correctly argued, McBratnie "gained multiple rights under the [Contract], including . . . fees for the performed services." (Amazon Reply, ECF No. 29, PageID.872.) Because the Contract required Amazon to pay McBratnie, it was not illusory. Indeed, McBratnie's own position in this action underscores that the Contract was not illusory.  She accuses Amazon of *breaching* the Contract, and she would have no basis to make such an accusation if the Contract were illusory.

Second, McBratnie also contends that the Contract is unconscionable.  She has failed to make that showing.  As one Delaware federal court has explained:

> Under Delaware law, a contract is unconscionable "if one of the parties lacks meaningful choice and the contract terms unreasonably favor one party over the other." *Wells v. Merit Life Ins. Co*., 671 F. Supp. 2d 570, 574 (D. Del. 2009). "Courts have generally recognized that the doctrine of unconscionability requires both procedural and substantive elements." *Maxwell v. Cellco P'ship*, C.A. No. 19-152-RGA, 2019 WL 5587313, at *7 (D. Del. Oct. 30, 2019) (citation omitted). Moreover, "[s]uperior bargaining power alone without the element of unreasonableness does not permit a finding of unconscionability or unfairness. The traditional test is this: a contract is unconscionable if it is 'such as no man in his senses and not under delusion would make on the one hand, and as no honest or fair man

---

interpretation and enforcement of this Agreement is governed by the law of the state of Delaware without regard to its conflict of laws principles." (Contract, ECF No. 25-7, PageID.734.)

> would accept, on the other.' *Gonzalez v. Citigroup*, C.A.
> No. CIV.09-017-SLR, 2009 WL 2340678, at *2 (D. Del.
> July 30, 2009).

*Dizon v. J.P. Morgan Chase*, 660 F.Supp.3d 268, 272–73 (D. Del. 2023).  McBratnie

has not persuaded the Court that she lacked a "meaningful choice" before entering

into the Contract.  Nor has she shown that the Contract was so one-sided and

beneficial to Amazon that "no man in his senses and not under delusion" would agree

to the terms of the Contract and become an Amazon Flex Delivery Partner.  Thus,

the Court cannot conclude that the Contract is unconscionable.

In sum, while McBratnie has shown in her first objection that the Court, rather

than the arbitrator, should determine whether the parties' Contract is valid and/or

enforceable,[4] she has not persuaded the Court that the Contract is invalid.  Thus, she

may not avoid arbitration on that basis.  Accordingly, the Court **OVERRULES**

McBratnie's first objection.

---

[4] While McBratnie's arguments that the Contract is illusory and/or unconscionable
are true challenges to the validity of the Contract that must be decided by the Court,
some of the other matters that she labels as validity challenges are not such
challenges and must be decided by the arbitrator.  For instance, she seems to suggest
that the question of whether Amazon committed a first material breach of the
Contract is one that concerns the validity of the agreement, but it does not.  The only
true validity challenges that McBratnie brings are her claims that the Contract is
illusory and/or unconscionable.

14

**B**

McBratnie next objects that the Magistrate Judge erred when he declined to determine whether Amazon could compel her to arbitrate under the FAA and, instead, moved directly to the question of whether Amazon could compel arbitration under Delaware law. (*See* Obj., ECF No. 41, PageID.1100-1101.)  McBratnie insists that the Contract required the Magistrate Judge to first determine whether she was exempt from arbitration under the Section One Exemption – and thus whether Amazon had any right to compel arbitration under the FAA – before turning to the question of whether Amazon could compel arbitration under Delaware law. (*See id.*)

The Court concludes that McBratnie is not entitled to relief based upon this objection because the objection does not show that the disposition recommended by the Magistrate Judge – entry of an order compelling arbitration – was erroneous. And it was not.  Irrespective of whether McBratnie could be compelled to arbitrate under the FAA, for the reasons explained by the Magistrate Judge, she may be compelled to arbitrate under Delaware law.  She has not shown otherwise.  For instance, she has not cited any case where a court has held that it was error to compel arbitration under these circumstances.  Moreover, other courts have held that where, as here, (1) the question of whether the Section One Exemption applies may be a difficult one, (2) state law provides an alternative basis for compelling arbitration, and (3) it is clear that arbitration should be compelled under state law, a court may

15

compel arbitration under state law without resolving the difficult question of whether the Section One Exemption applies. *See Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 294 (3d Cir. 2021) ("Assume, Amazon argues, that the § 1 exemption [to the FAA] applies. If so, the parties might still have an enforceable agreement to arbitrate under state law. And if that is so, then why not answer that question of law before turning to discovery, mindful that fact-finding can always come later if necessary? We agree and hold this question must be resolved before turning to discovery [on the issue of whether Amazon could compel arbitration under the FAA]."). *See also id.* at 296 (explaining that requiring court to determine first whether FAA applied would "almost certainly [lead to a] burdensome set of factual disputes and [would] open[] the door to the delays, costs, and uncertainty an enforceable arbitration clause seeks to avoid")[5]; *Melikyan v. Amazon.com, Inc.*, No. CV 21-8715, 2023 WL 4505065, at *1 (C.D. Cal. July 5, 2023) (holding that it did not need to determine whether Amazon could compel arbitration under the FAA "because state law [was] also applicable to the arbitration agreement," "address[ing] only Amazon's state law contention," and compelling arbitration under state law). The Court finds these authorities persuasive.

---

[5] On remand, the district court in *Harper* held that Amazon could compel arbitration under state law. *See Harper v. Amazon.com Servs., Inc.*, No. 19-21735, 2022 WL 17751465, at *7 (D.N.J. Dec. 19, 2022).

16

For all of these reasons, McBratnie's objection that the Magistrate Judge erred by failing to resolve the question of whether arbitration could be compelled under the FAA before turning to state law is **OVERRULED**.

## C

McBratnie next objects that the Magistrate Judge "misquoted" portions of the Contract. (Obj., ECF No. 41, PageID.1102-1103.)  But the error McBratnie identifies appears to be a mere typographical error, and, in any event, it was not germane to the Magistrate Judge's conclusion that Amazon could compel arbitration under Delaware law.  This objection is therefore **OVERRULED**.

## D

McBratnie next raises several objections related to a purported unwritten contract that she says existed between herself and Amazon.  (*See id.*, PageID.1110-1121.)  These objections are difficult to follow, but McBratnie appears to argue that (1) she and Amazon were parties to an "unwritten employment contract" that was separate and apart from the written agreement that she had with Amazon, (2) under that "second unwritten employment contract" the parties did not "agree to arbitrate" the claims McBratnie raises in this action, and (3) therefore the Magistrate Judge erred when he compelled McBratnie to arbitrate those claims. (*Id.*)

McBratnie has not persuaded the Court that such a second, unwritten contract exists.  More importantly, even if such an unwritten contract did exist, McBratnie

has not shown that she could avoid arbitration.  Indeed, the arbitration agreement in the Contract applies to "*any* dispute or claim, whether based on contract, common law, or statute, arising out of or relating in any way to [the parties'] agreement, including termination of [the] Agreement, to your participation in the [Amazon Flex] Program, or to your performance of Services." (Contract, ECF No. 25-7, PageID.732; emphasis added.)  And it appears that all of McBratnie's claims relate to or arise out of her "participation" in the Amazon Flex program.  Moreover, McBratnie agreed that the arbitrator would decide questions regarding the scope of the arbitration agreement, and thus whether a particular claim was arbitrable. (*See id.*, PageID.733.)  Thus, the question of whether certain claims are arbitrable must be decided by the arbitrator in the first instance.  This objection is therefore **OVERRULED**.

**E**

McBratnie also raises several objections that relate to the merits of her claims against Amazon.  For example, she argues that "[a] key issue in the resol[ution] of this case is to determine if Amazon misclassified workers as contractors when they were really employees." (Obj., ECF No. 41, PageID.1117.)  Likewise, McBratnie insists that "[t]he Magistrate's [R&R] failed to determine the fact as to proper worker classification of Flex Drivers" and "did not identify if McBratnie's refusal to work

18

after the agreed upon end time of the delivery block was outside of the scope requirements agreed to for services provided." (*Id.*, PageID.1119.)

These objections are not relevant to the recommendation that the Magistrate Judge made in the R&R.  In the R&R, the Magistrate Judge recommended only that the Court compel McBratnie to arbitrate her claims against Amazon.  He did not make any recommendation with respect to the merits of those claims.  Thus, because these objections do not address the legal basis for the Magistrate Judge's recommendation, they are **OVERRULED**.

## IV

Finally, the Court turns to McBratnie argument that the Magistrate Judge erred when he denied her motion for a more definite statement. (*See id.*, PageID.1098-1099.)  McBratnie argues that Amazon failed to disclose all of its corporate subsidiaries under Rule 7.1 of the Federal Rules of Civil Procedure, and she says she needed that information to determine if the Magistrate Judge and/or the Court had any "conflict of interest" that may have required recusal. (*Id.*)  This objection is **OVERRULED** for several reasons.

First, McBratnie has not persuaded the Court that Amazon failed to comply with Rule 7.1.  That rule requires a non-governmental party to "identif[y] any parent corporation and any publicly held corporation owning 10% or more of its stock" or "state[] that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1).  In addition, in

diversity cases, parties must "file a disclosure statement" that "name[s]--and identif[ies] the citizenship of--every individual or entity whose citizenship is attributed to that party[.]" Fed. R. Civ. P. 7.1(a)(2). Amazon complied with those requirements in a Notice that it filed on February 11, 2025. (*See* Notice, ECF No. 23.) And while McBratnie says that Amazon also needed to provide a full list of its subsidiaries, she has not identified any provision of Rule 7.1 that requires a party to disclose that information.

Second, McBratnie's motion for a more definite statement contained no reasoning or legal analysis. It simply said that McBratnie found Amazon's disclosure notice "insufficient." (Mot., ECF No. 24, PageID.617.) It did not identify any provision of Rule 7.1 that Amazon purportedly violated, nor did it cite any case law interpreting that rule or make any argument as to how Amazon violated the rule. To the extent that McBratnie raises additional arguments in her objections that she did not present to the Magistrate Judge in the first instance, those arguments are waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

## V

For all of the reasons explained above, McBratnie's objections to the R&R and to the Magistrate Judge's May 20, 2025, order denying her non-dispositive motions are **OVERRULED**. The recommended disposition of the R&R is **ADOPTED**, Amazon's motion to compel arbitration (ECF No. 25) is **GRANTED**, and McBratnie's motion for a preliminary injunction (ECF No. 19) is **DENIED**.

This case is now **STAYED** pending the results of the parties' arbitration.

 **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126